## JULBE *v.* GUZMÁN.

### APPEAL from the District Court of Humacao.

No. 206.—Decided February 4, 1908.

APPEAL—MAINTENANCE.—An order of an inferior court made at the instance of a party in interest in proceedings for the administration of the property of a decedent, granting the application for maintenance made by such party in accordance with section 50 of the act relating to special legal proceedings, is not an appealable order.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for appellant.

*Mr Vías Ochoteco* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Victoria López Julbe having died in the city of Humacao on October 30, 1906, without having made a will, her legitimate mother, Dolores Julbe, applied to the District Court of Humacao on January 30, 1907, as her heir, for the judicial administration of the estate of the deceased, and by virtue thereof said court appointed the widower, Julio D. Guzmán, the administrator of the property of the intestate under bond in the sum of $8,000.

After Guzmán had taken possession of the property involved, Dolores Julbe applied to the said court on July 5, 1907, for an order to the administrator appointed to deliver to her the sum of $800 to pay a debt contracted after the death of her daughter, and that in addition he deliver to her $125 per month for her support, which petition the court granted by order of the following 23d of August, directing the administrator to deliver to Dolores Julbe on September 1 the $800 requested, and thereafter, beginning with October 1, the sum of $100 per month for her support.

Julio D. Guzmán prayed the court to reconsider the said order and vacate it, for reasons which he thought well to allege, and the court denied the petition by order of the 31st of said month of August.

Julio D. Guzmán took an appeal from these orders of August 23 and 31, which appeal is now pending the decision of this Supreme Court, after the allegations of both parties have been considered and heard.

Counsel for Julio D. Guzmán moved at the hearing for the dismissal of the appeal on the ground that said decisions were not appealable; and, in the first place, we must examine this preliminary question which affects the jurisdiction of this court.

Section 295 of the Code of Civil Procedure enumerates the decisions of district courts from which an appeal may be taken to this Supreme Court, and in none of these decisions can we consider the order of August 23, 1907, nor the other order of the same month denying the review of the former, to be comprised. A simple perusal of the various paragraphs of said section will be sufficient to convince one thereof.

The appellant invokes section 84 of the first and only chapter of Title VII of the act relating to special legal proceedings, approved March 9, 1905, in support of his appeal, which article provides that all claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer, and that an appeal lies from a judgment rendered in this class of actions.

We believe that the section in question is not applicable to this case, but that the section applicable is section 50, which is a reproduction of article 1099 of the former Law of Civil Procedure which, in conjunction with other articles of Section IV of Title X of Book II of said law, governed the administration of the estates of deceased persons. The purpose of section 84 is to fix the procedure in actions involving temporary maintenance referred to in Title XVIII of Book II of the former Law of Civil Procedure. Therefore, an appeal lies from the judgment rendered in an action for temporary maintenance, but, in accordance with section 50 of the act relating

to special legal proceedings, not from an order made at the instance of a party interested in the proceedings on the administration of the estate of a deceased person.

Section 85 of said act, providing that the special proceedings established in the Civil Code, in the Mortgage Law and its Regulations, and in any other law in so far as not provided for by this act, shall remain in force, cannot be invoked in support of the appeal, and to deduce from this section that the provisions of the former Law of Civil Procedure, which granted an appeal from decisions like that of August 23 of last year appealed from, should be applied as supplementary law.

Said Law of Civil Procedure was amended by General Order No. 118 of August 15 (*sic*), 1899, and section 88 (*sic*) thereof provides that appeals to the Supreme Court will lie in all civil suits for infraction of law and error in procedure in the cases which the law of civil procedure authorizes, which law allowed an appeal in cassation only from final judgments or those partaking of this character, according to articles 1687 and 1688, and the act making the Supreme Court of Porto Rico a court of appeals, approved March 12, 1903, did not introduce any innovation whatsoever in the matter, because section 4 thereof provides that, in all cases in which the Law of Civil Procedure speaks of appeals in cassation, an appeal shall be understood.

For the reasons stated we are of the opinion that as this appeal does not lie we cannot go into the merits of the same, and it should be dismissed with the costs against the appellant.

*Dismissed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.